John D. Bennett, S.
This is a motion to dismiss a proceeding pending before this court to compel the administrator of this estate to render an account.
The proceeding to compel the account was commenced by the legal representative of the estate of an alleged first cousin, who died after decedent herein. In his moving papers the administrator states that he knew nothing of the existence of the alleged first cousin, Bridget O’Connor, at the time of the filing of his petition for letters of administration, which were granted on February 4,1952. Bridget O’Connor was never served, nor did she appear in the administration proceeding.
The administrator first learned of Bridget 0 ’Connor around July of 1955, when he received a letter from an attorney representing her, informing him of her existence and relationship to the deceased. The administrator had already distributed the assets of the estate and secured a release from distributees dated December 18,1952. There has been no judicial settlement nor has any account been filed by the administrator.
The motion presently before the court is to dismiss the proceeding to compel the administrator to account. In support of this motion, the administrator relies on the fact that at the time of the administration proceeding and distribution, he had no knowledge of the existence of Bridget O’Connor. The argument is also advanced in support of the motion that since the administrator waited more than seven months from the date of issuance of letters of administration, that the administrator is not chargeable for assets or moneys paid to satisfy claims or distributed to the next of kin and cannot be compelled to account.
The memorandum of law filed by the administrator and the position taken by him in his affidavit accompanying the notice of motion, treat the claim of the estate of Bridget O’Connor in the same fashion as if she were an alleged creditor of decedent. The estate of Bridget O’Connor must first prove her relationship to deceased. If that relationship is proved, then Bridget O’Connor was a distributee of decedent and as such should have been cited as an interested person in this estate. Never having had notice of proceedings in this estate, she would not be bound in their determination. Even if there had been a judicial settlement of the account of the administrator wherein citation was not served on Bridget O’Connor as a distributee of decedent, her right or the right of her estate to commence a proceeding *55 to compel an accounting would have been preserved (Matter of Killan, 172 N. Y. 547). Certainly then, where there has been no judicial settlement of the account of the administrator but where instead releases are executed, a distributee not a party to such a release is not foreclosed from petitioning to compel the fiduciary to account. Accordingly, the motion to dismiss the petition for a compulsory accounting is denied.
The motion to fix a date for the hearing as to the status of Bridget O’Connor, adjourned by the court without date on July 25, 1961, will appear on the calendar of this court on September 13,1961.